IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-039-FL

| | |
|---|---|
| KATHY JUANITA REAVES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PUBLIC SCHOOLS OF ROBESON ) <br> COUNTY; PUBLIC SCHOOLS OF ) <br> ROBESON COUNTY BOARD OF ) <br> EDUCATION; MICHAEL MIKE SMITH; ) <br> BRENDA FAIRLEY-FEREBEE; ) <br> FREDDIE WILLIAMSON; ANGELA ) <br> FAULKNER; CATHERINE TRUITT; ) <br> ROY COOPER; PUBLIC SCHOOLS OF ) <br> NORTH CAROLINA; NORTH ) <br> CAROLINA DEPARTMENT OF PUBLIC ) <br> INSTRUCTION; NORTH CAROLINA ) <br> STATE BOARD OF EDUCATION; and ) <br> STATE OF NORTH CAROLINA, ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) | ORDER |

This matter is before the court for review of plaintiff's pro se complaint (DE 1-1, 14) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 13). After obtaining two extensions of time, plaintiff filed objections to the M&R. In this posture, the issues raised are ripe for ruling.

1

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the magistrate judge recommends dismissal without prejudice of plaintiff's due process, Title VII, REDA, 20 U.S.C. § 1703, North Carolina Tort Claims Act, and contractual interference claims, as well as dismissal with prejudice of her claims arising under the North Carolina Whistleblower Act and Chapter 115C for failure to state a claim upon which relief may be granted. Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough and correct, and plaintiff does not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47. The court thus hereby ADOPTS the recommendation of the magistrate judge as its own.

The court writes separately to augment the analysis of the M&R, in light of issues raised in plaintiff's objections and a filing she styles as a "Motion for Disbursements." (DE 7). Where plaintiff's objections address only events which occurred after the complaint was filed, it fails to

reference, much less specifically object to, "any portion of the magistrate judge's disposition." Diamond, 416 F.3d at 315. Such failure precludes de novo review. Additionally, where the court dismisses plaintiff's claims and directs the court to close the case, and plaintiff's motion relies on legal arguments asserted in the complaint, plaintiff's motion for disbursements must be terminated as moot.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 13), and plaintiff's claims are DISMISSED for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for disbursements (DE 7) is TERMINATED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 26th day of January, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge